LAW OFFICES OF DALE K. GALIPO
Dale K. Galipo (SBN 144074)
Email: dalekgalipo@yahoo.com
Tanya Sukhija (SBN 295589)
Email: tsukhija@galipolaw.com
21800 Burbank Blvd., Suite 310
Woodland Hills, CA 91367
Tel: (818) 347-3333
Fax: (818) 347-4118

LAW OFFICE OF JAMES S. TERRELL
James S. Terrell, Esq. (SBN: 170409)
Email:  jim@talktoterrell.com
15411 Anacapa Road
Victorville, CA 92392
Tel: (760) 951-5850
Fax: (760) 952-1085

LAW OFFICE OF SHARON J. BRUNNER
Sharon J. Brunner, Esq. (SBN: 229931)
Email: sharonjbrunner@yahoo.com
14393 Park Avenue, Suite 100
Victorville, CA 92392
Tel: (760) 243-9997
Fax: (760) 843-8155

Attorneys for Plaintiffs:
DANIELLA SLATER, DAMIEN SLATER,
TINA SLATER, AND DAVID BOUCHARD

# UNITED STATES DISTRICT COURT FOR THE
## CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| **DANIELLA SLATER AND DAMIEN SLATER, individually and as successors in interest, by and through their Guardian ad Litem Sandra Salazar; TINA SLATER AND DAVID BOUCHARD, individually;** | Case No. 5:16-CV-01103-JFW-KK |
| | [*Hon. John F. Walter*] |
| **Plaintiffs,** | **FIRST AMENDED COMPLAINT FOR DAMAGES, VIOLATION OF CIVIL RIGHTS AND WRONGFUL DEATH (42 USC 1983), AND RELATED PENDANT TORT CLAIMS)** |
| **vs.** | |
| **DEPUTY SHANDON DEASEY; DEPUTY PETER GENTRY; DEPUTY GARY BRANDT; SGT. MIKE RUDE; COUNTY OF SAN BERNARDINO; and DOES 1-10, INCLUSIVE.** | |
| **Defendants.** | |

## JURISDICTION AND VENUE

1.     This Court has original jurisdiction over this action for damages under the laws of the State of California, under 42 U.S.C. § 1983, the United States Constitution and common law principles, to redress a deprivation under color of state law of rights, privileges, and immunities secured to Plaintiffs and their decedent, by said status, and by the First, Fourth, and Fourteenth Amendments of the United States Constitution.

2.     Venue is proper in this Court because the Defendants reside in, and all incidents, events, and occurrences giving rise to this action occurred in the County of San Bernardino, California.

3.     On October 14, 2015, Plaintiff(s) DANIELLA and DAMIEN SLATER, SLATER, and BOUCHARD, presented to the County of San Bernardino a Claim for Damages based on the acts, omissions, damages, and injuries herein complained of, pursuant to Government Code § 911.2. Defendant(s) COUNTY OF SAN BERNARDINO did not send Plaintiff(s) a written rejection within 45 days and the Claim is deemed rejected by operation of law.

## PRELIMINARY ALLEGATIONS

4.     The incidents complained of occurred in the County of San Bernardino, specifically, at the Valero gas station located at 27767 Baseline Road, Highland, CA. The incident was recorded on video and (possibly) audio.

5.     On April 15, 2015, after the 1:00 a.m. hour, JOSEPH SLATER, the deceased, was frequenting the Valero gas station and was known to the neighborhood as well as local law enforcement. SLATER was a 28-year male, 5'9" in height and weighed only 150 pounds. SLATER suffered from being bi-polar and had previous hospitalizations at Arrowhead Regional Medical Center, St. Bernardine's Medical Center, and Community Hospital of San Bernardino for psychiatric reasons ("51/50"), as known by law enforcement.

Case No. 5:16-CV-01103-JFW-KK

**FIRST AMENDED COMPLAINT FOR DAMAGES; DEMAND FOR JURY TRIAL**

6.      SLATER was detained by Deputies SHANDON DEASEY, DEPUTY PETER GENTRY, DEPUTY GARY BRANDT and supervisor SGT. MIKE RUDE and DOES 1-4, who were investigating a citizen's report alleging SLATER was exhibiting abnormal behavior. It was known SLATER suffered from mental disorders, which would have caused him to act abnormal at times as known by law enforcement. Slater was well known in the community and had several nonviolent contacts with the San Bernardino Sherriff's Department and dispatch had detailed information concerning his mental health.

7.      It is alleged and believed at the time SLATER was detained, he was placed in the back of the police unit, handcuffed and not a threat to the peace and safety of Defendant Deputies SHANDON DEASEY, PETER GENTRY, GARY BRANDT and DOES 1-4 All named Deputies and supervisor SGT. MIKE RUDE easily identified SLATER and knew who he was as SLATER frequented the neighborhood as well as the City of Highland. Additionally, later events will show SLATER'S form of identification (California ID) was not on his person and was at the residence he shared with his girlfriend, Sandra Salazar. Slater's conduct was consistent with a mental health episode that the Sheriff's Department has handled in the past.

8.      For unknown reasons, SLATER was pepper-sprayed in the back of the Deputies' police unit, while handcuffed and showing no signs of resistance to law enforcement. The excessive and unnecessary act of Doe 1 caused SLATER to suffer difficulty in breathing, resulting in a critical medical emergency The pepper spray had a devastating, deadly impact on Slater's breathing.

9.      SLATER was removed from the four door sedan police vehicle as he was having a respiratory emergency and suffocating. Sitting in the parking lot, handcuffed, struggling to obtain air, the City paramedics responded and provided assistance including using a faucet to wash off the mace and the related harsh chemical which caused pain and interfered with Slater's respiratory breathing. At all times Slater was

cooperative with Deputies and paramedics, even with breathing distress chemicals burning his skin.

10.  After being treated for the chemical mace and respiratory distress, Defendant Deputies (all of them) and SGT. MIKE RUDE hobbled and/or hog tied the legs of SLATER (deceased) using three hobbles and put SLATER in the back of the mace filled police vehicle. The Deputies and SGT. RUDE did hobble the legs of Slater, and then connected the hobble to his handcuffs, pulling his legs toward his handcuffs. The Deputies and SGT. RUDE then connected an additional hobble to the first hobble, and connected a third hobble between the second hobble and the vehicle cage.  Slater was placed inside the vehicle while hobbled by three hobbles, with the connection between the hobble and handcuffs pulling his legs toward his handcuffs, and with his face, chest, and/or stomach facing downward for an extended period of time. At least one deputy may have applied pressure to SLATER, pushing him down, while he was so restrained.  It was in this position that Slater lost consciousness and became unresponsive.  Once again, Joseph Slater struggled to breathe and was gasping for air and unable to breathe, the mace had not dissipated. SLATER now hog/hobble tied and inside a contaminated mace-filled vehicle, was struggling to breathe and no assistance was rendered until Slater stopped breathing.   Positional and/or restraint asphyxia was a cause of death.

11.  Video recording evidences SLATER was cooperative at all times and did not show or display any type of resistance while apprehended. The video captured paramedics attempting lifesaving procedures, however, it also captured long delays where no police officers aided or allowed paramedics to render aid as Slater struggled to breathe after he was hogtied and placed in the mace filled car until his death.

12.  Sheriff's Deputies are trained on positional and/or restraint asphyxia, that placing a person on their stomach and/or chest for an extended period of time—including if they are hobbled and the hobble is connected to the handcuffs—can make it

difficult for that person to breathe, and may cause death through asphyxiation. Sheriff's Deputies are trained that putting pressure or weight on an individual, for example by holding them down, when they are in a face, chest, and/or stomach down position can exacerbate their inability to breathe. By the conduct complained of above, the Deputies mentioned herein did violate law enforcement standards and training. Despite their training and knowledge on positional and/or restraint asphyxia, the Deputies and Sgt. herein mentioned hobbled DECEDENT, connected the hobble to his handcuffs thereby pulling his legs toward his handcuffs, and placed him in a position with his face, chest, and/or stomach facing downward for an extended time with conscious disregard for the constitutional rights and safety of DECEDENT. They may also have put weight or pressure on him while he was in this position.

13.     After SLATER'S death, Deputies arrived at the residence shared by the deceased with his girlfriend, SALAZAR, and their two (2) children wherein Deputies proceeded to question and interrogate SALAZAR rather than notifying her of the death of SLATER. Additionally, the Deputies on site did a search of the deceased's belongings in the residence without so much as a valid warrant or cause.

14.     Viewing of the deceased's body shows trauma to SLATER'S face with a "busted lip," and bruising.

15.     In doing the acts and omissions alleged in this Complaint, DEPUTIES SHANDON DEASEY, PETER GENTRY, GARY BRANDT, SGT. MIKE RUDE and DOES 1-4 pursued an unprivileged course of extreme and outrageous conduct directed at SLATER, with the intent to cause SLATER to suffer extreme terror, fear, medical distress, despair, and death.

16.     SLATER immediately died upon such savaged acts committed upon him at the hands of DEPUTIES SHANDON DEASEY, PETER GENTRY, GARY BRANDT, SGT. MIKE RUDE and DOES 1-4.

17.    At all times material hereto, DEFENDANTS, and each of them, knew SLATER was mentally ill. Despite the COUNTY OF SAN BERNARDINO SHERIFF'S DEPARTMENT'S knowledge and awareness that its police officers had previous encounters with the mentally ill SLATER and the COUNTY OF SAN BERNARDINO SHERIFF'S DEPARTMENT did not and otherwise failed to obtain, provide, and utilize resources available to it in order to properly train its police officers, including the individual DEFENDANT DEPUTIES, on how to deal with persons who are mentally ill during encounters with police.

18.    The murder of JOSEPH SLATER was the inevitable result of the culture of corruption and deliberate indifference within the County of San Bernardino Sheriff's Department. The COUNTY'S Sheriff's department has a longstanding reputation of running roughshod on its citizen's constitutional rights, ignoring citizen complaints and issuing no discipline to officers accused of wrongdoing. The COUNTY has a history of ignoring its officers' abusive practices and is deliberately indifferent to the violations of constitutional rights resulting from the COUNTY'S customs, practices, and policies. It fails to monitor and supervise its officers' violations of written policies including officers who do not report their use of force, and officers who do not document their contact with citizens by turning off their Digital Audio Recorders ("DAR"). It condones its police officer's aggressive practices of arresting citizens without probable cause, using "cover up" offenses such as "resisting arrest" or "drunk in public" and using arrest as punishment for citizen's exercise of their First Amendment rights, which its officers instead perceive as "contempt of cop."

19.    Over time, these unconstitutional practices were considered standard operating procedure such that, wrongful arrests went unquestioned and were presumed lawful, and uses of force went unreported and uninvestigated. Allegations of misconduct were routinely ignored, and witnesses not favorable to the fellow officer are not interviewed, nor documented. With the knowledge their actions are not scrutinized,

COUNTY OF SAN BERNARDINO DEPUTIES are thereby encouraged to behave with impunity and to act without regard to protecting citizens' rights, and to file false, fabricated, misleading reports and to offer perjuriously testimony designed to justify their abuses including false arrests and/or the excessive use of force as used on SLATER.

20.     On April 9, 2015, COUNTY OF SAN BERNARDINO DEPUTIES, unbeknownst to them, were videotaped by Channel 4 News beating an unarmed man, FRANCES PUSOK. Channel 4 News captured the prolonged abuse wherein COUNTY OF SAN BERNARDINO Deputies engaged in a "free-for-all" beating of Mr. Pusok after Mr. Pusok was tased and handcuffed showing no resistance. The COUNTY OF SAN BERNARDINO entered into quick settlement of this matter with the DEPUTIES in question facing criminal charges. These charges remained pending at the time this action was filed.

21.     On March 13, 2013 two COUNTY OF SAN BERNARDINO Deputies, specifically, Captain Boswell and Lt. Brad Toms were video recorded, by a bystander, exercising excessing force on Jason Arrona whilst Mr. Arrona was innocently riding his dirt bike motorcycle. During this incident, Mr. Arrona was also brutally assaulted by officers after being detained, handcuffed and now showing any signs of resistance or violence.

22.     The individual Deputy DEFENDANTS' actions and omissions during their encounter with SLATER on April 15, 2015 were a product of reckless and callous indifference by the COUNTY, its Sheriff and departmental supervisory personnel to citizens' rights, and specifically SLATER'S constitutional rights to be safe and secure in his person. The actions and omissions by DEFENDANTS and each of them, caused SLATER to lose his life, and PLAINTIFF(S) DANIELLA and DAMIEN SLATER to lose their father; and for PLAINTIFF(S) SLATER and BOUCHARD to lose their young 28-year-old son.

**PARTIES**

23.     Decedent, JOSEPH SLATER ("SLATER"), at all times herein mentioned was a residence of Riverside County, City of Moreno Valley. He died on April 15, 2015 after causes of action alleged herein arose. SLATER would have been the Plaintiffs in this action had he lived.

24.     SANDRA SALAZAR is the girlfriend of the decedent and the mother of his two (2) young children, DANIELLA SLATER and DAMIEN SLATER. SALAZAR files this Complaint - as guardian ad litem on behalf of the minor children, DANIELLA SLATER and DAMIEN SLATER, as successor(s)-in-interest and succeed to SLATER'S causes of action against DEFENDANTS named herein because there is no personal representative of the estate of JOSEPH SLATER. SALAZAR has executed and filed the declaration under penalty of perjury required by Code of Civil Procedure § 377.32.

25.     TINA SLATER is the mother of the decedent. PLAINTIFF sues in her individual capacity and seeks wrongful death damages.

26.     DAVID BOUCHARD is the father of the decedent. PLAINTIFF sues in his individual capacity and seeks wrongful death damages.

27.     At all times mentioned herein, PLAINTIFF SLATER is a resident of the County of San Bernardino, City of Highland; and PLAINTIFF BOUCHARD is a resident of the County of San Bernardino, City of Victorville.

28.     Defendant County of San Bernardino "COUNTY" is a political subdivision located in the State of California, within the territorial jurisdiction of this court.

29.     At all times mentioned herein, DEFENDANT DEPUTY SHANDON DEASEY was employed by the COUNTY OF SAN BERNARDINO and worked as a peace officer in the CITY OF HIGHLAND. He is being sued individually.

30.     At all times mentioned herein, DEFENDANT DEPUTY PETER GENTRY was employed by the COUNTY OF SAN BERNARDINO and worked as a peace officer in the CITY OF HIGHLAND. He is being sued individually.

31.     At all times mentioned herein, DEFENDANT DEPUTY GARY BRANDT was employed by the COUNTY OF SAN BERNARDINO and worked as a peace officer in the CITY OF HIGHLAND. He is being sued individually.

32.     At all times mentioned herein, DEFENDANT SGT. MIKE RUDE was employed by the COUNTY OF SAN BERNARDINO and worked as a peace officer in the CITY OF HIGHLAND. He is being sued individually.

33.     At all times herein, DOES 1 through 5, inclusive were acting pursuant to their authority as sworn police officers and/or deputy sheriffs and/or investigators and/or Special Officers and/or some other public officer and/or Supervisors (i.e. Sergeants, Lieutenants, Captains, Commanders, etc.) and/or some other employee of defendant COUNTY and/or the San Bernardino Sheriff's Department, who are in some substantial way liable and responsible for, or otherwise caused or participated in, and/or failed to supervise and/or intervene in and stop and/or prevent the actions complained of by the plaintiffs in this instant action were acting in the course of and within the scope of their employment with defendant COUNTY, and as individual persons, acting under color of state law. Plaintiffs will amend their complaint to show the true identities of DOES 1 through 5, inclusive, when they become of aware of said identities.

34.     Defendants DOES 6 through 10, inclusive, are sworn police officers and/or the Sheriff and/or Undersheriff and/or Captain and/or Lieutenants and/or Sergeants and/or Supervisory personnel and/or policy making and/or final policy making officials with the San Bernardino County Sheriff's Department and/or defendant COUNTY, who are in some substantial way liable and responsible for, or otherwise caused the actions complained of by plaintiffs in this action, such as via Supervisory liability (i.e. failure to properly supervise, improperly directing subordinate deputies, approving

unlawful actions of subordinate deputies, approving unlawful actions of subordinate deputies, failing to intervene in and stop unlawful actions of their subordinates), and/or, such as the failing to properly train SAN BERNARNDINO COUNTY Sherriff's Department personnel in the use of force. Plaintiffs will amend their complaint to show the true identities of DOES 6 through 10, inclusive, when they become of aware of said identities.

35.   At all relevant times, each individual DEFENDANT was acting within the course and scope of their employment as police officers of the COUNTY, and under the color of state law, and as the employee, agent and representative of each and every other Defendant.

36.   Defendants, and each of them, did the acts and omissions hereinafter alleged in bad-faith and with the knowledge their conduct violated well-established and settled law.

## FIRST CAUSE OF ACTION
### UNREASONABLE SEIZURE- DETENTION
### (42 U.S.C. § 1983)
### (Plaintiffs DANIELLA and DAMIEN SLATER v. Defendants DEASEY, GENTRY, BRANDT, and RUDE)

37.   Plaintiffs repeat and re-allege each and every allegation in paragraphs 1 through 36 of this Complaint with the same force and effect as if fully set forth herein.

38.   The Fourth Amendment of the United States Constitution guarantees all persons the right to be free from unreasonable detention in violation of their right to privacy. 42 U.S.C. § 1983 provides a private right of action for conduct which violates this right.

39.   On August 15, 2015 ALL DEPUTIES made contact with DECEDENT, Joseph Slater, who suffered from mental illness and was no committing no crime and

allegedly was acting strange. Defendants had no objectively reasonable or specifically articulable factual basis to suspect that DECEDENT was involved in the commission of any crime. Nor did the Defendants have any confirmation that DECEDENT had committed any crime, nor posed a threat to any deputies, and did not see DECEDENT in possession of any illegal objects, contraband or weapons.

40.     The conduct of DEPUTIES SHANDON DEASEY, PETER GENTRY, GARY BRANDT, SGT. MIKE RUDE violated DECEDENT's right to be free from unreasonable seizure, which is guaranteed to him by the Fourth Amendment to the United States Constitution and applied to state actors by the Fourteenth Amendment.

41.     The conduct of DEPUTIES SHANDON DEASEY, PETER GENTRY, GARY BRANDT, SGT. MIKE RUDE in unreasonably seizing DECEDENT up to and including the making and the subsequent conduct of placing him hobbled or hog-tied with three hobbles, with a connection between his hobble and handcuffs pulling his legs toward his handcuffs, in a prone position for an extended period of time was malicious, oppressive and committed in reckless disregard for the rights and safety of DECEDENT and warrants the imposition of exemplary and punitive damages as to all these DEFENDANT DEPUTIES.

42.     Defendants were integral participants and failed to intervene with respect to DEPUTIES SHANDON DEASEY, PETER GENTRY, GARY BRANDT, SGT. MIKE RUDE's unreasonable seizure of DECEDENT despite the opportunity to do so.

43.     As a direct result of the unreasonable detention of DECEDENT, PLAINTIFFS have suffered the loss of love, care, comfort, society, companionship, assistance, protection, affection moral support, support of DECEDENT.

44.     As a direct result of the unreasonable detention of DECENT, he experienced severe pain and suffering and the loss of life for which he, by PLAINTIFFS, is entitled to recover damages.

## SECOND CAUSE OF ACTION

### EXCESSIVE FORCE

### (42 U.S.C. § 1983)

### (Plaintiffs DANIELLA and DAMIEN SLATER v. Defendants DEASEY, GENTRY, BRANDT, and RUDE)

45.    Plaintiffs repeat and re-allege each and every allegation in paragraphs 1 through 44 of this Complaint with the same force and effect as if fully set forth herein.

46.    Defendants used excessive force against DECEDENT including but not limited to pepper-spraying him, using physical force, placing him in a mace-filled car, hobbling and/or hog-tying him with three hobbles, and connecting the hobble to the handcuffs thereby pulling his legs toward his handcuffs, while he was in a face, chest, and/or stomach down position for an extended period of time.  Despite their training and knowledge about positional and/or restraint asphyxia, that the aforementioned manner of restraint can interfere with a person's ability to breathe, the Deputies and Sgt. herein mentioned hobbled DECEDENT, connected his hobble to his handcuffs thereby pulling his legs toward his handcuffs, and placed him with his face, chest, and/or stomach facing downward for an extended period of time with conscious disregard for the constitutional rights and safety of DECEDENT. They may also have put weight or pressure on him while he was in this position, despite knowing this can exacerbate inability to breathe.

47.    The unjustified seizure of DECEDENT by DEPUTIES SHANDON DEASEY, PETER GENTRY, GARY BRANDT, SGT. MIKE RUDE, and subsequent unjustified use of excessive force deprived DECEDENT of his right to be secure in his person against unreasonable seizures as guaranteed to him under the Fourth Amendment to the United States Constitution and applied to state actors by the Fourteenth Amendment.

48.     This action of ALL DEFENDANT DEPUTIES deprived DECENDENT of his right to be free from state actions that shock the conscience under the Fourth Amendment's Due Process clause.

49.     As a result of conduct of ALL DEFENDANT DEPUTIES, they are liable for PLAINTIFFS, for the DECEDENT's injuries and death, either because they were integral participants in the excessive force or because they failed to intervene to prevent these violations.

50.     The conduct of ALL DEFENDANT DEPUTIES was willful, wanton, malicious, and done with an evil motive and intent and a reckless disregard for the rights and safety of DECEDENT and therefore warrants the imposition of exemplary and punitive damages as to ALL DEFENDANT DEPUTIES. Decedent died a slow painful death, struggling to breathe

51.     Accordingly, DEFENDANT DEPUTIES each are liable to PLAINTIFFs for compensatory and punitive damages under 42 U.S.C. § 1983

## THIRD CAUSE OF ACTION

### DELIBERATE INDIFFERENCE TO DECEDENT'S MEDICAL NEEDS
### (42 U.S.C. §1983)
### (Plaintiffs DANIELLA and DAMIEN SLATER v. Defendants DEASEY, GENTRY, BRANDT, and RUDE)

52.     Plaintiffs hereby re-allege and incorporate by reference paragraphs 1 through 51 of this Complaint.

53.     Decedent was entitled to receive necessary medical attention while in the care and custody of the SAN BERNARDINO SHERRIF'S DEPARTMENT. In doing the acts complained of, defendants, and each of them, acted under color of state law to deprive the decedent of urgently needed medical care in violation of his rights, under the Due Process Clause of the Fourteenth Amendment.

54. Defendants were deliberately indifferent to DECEDENT's medical needs including but not limited to by pepper-spraying him, using physical force, placing him in a mace filled car, hobbling and/or hog-tying him with three hobbles, and connecting the hobble to the handcuffs thereby pulling his legs toward his handcuffs, while he was in a face, chest, and/or stomach down position.  Despite their training and knowledge about positional and/or restraint asphyxia, that the aforementioned manner of restraint can interfere with a person's ability to breathe, the Deputies and Sgt. herein mentioned left Slater in this position for an extended period of time, causing him to have difficulty breathing and to be in medical distress, and then failed to provide timely medical care when he became unconscious, with conscious disregard for the constitutional rights and safety of DECEDENT. They may also have put weight or pressure on him while he was in this position, despite knowing this can exacerbate inability to breathe.

55.    As a proximate result of defendants' conduct, Plaintiffs suffered injuries and damages as set forth herein.

### FOURTH CAUSE OF ACTION

### VIOLATIONS OF PLAINTIFFS' CIVIL RIGHTS TO FAMILIAL RELATIONSHIP

### (42 U.S.C. § 1983)

### (ALL PLAINTIFFS v. Defendants DEASEY, GENTRY, BRANDT, and RUDE)

56.    Plaintiffs hereby re-allege and incorporate by reference herein paragraphs 1 through 55 of this Complaint as though fully set forth;

57.    Defendants, acting under color of state law, and without due process of law, deprived Plaintiffs of their right to a familial relationship by seizing decedent by use of unreasonable, unjustified and deadly force and violence, causing injuries which resulted in decedent's death, all without provocation and attempted to conceal their excessive use of force and hide the true cause of decedent's demise to deprive Plaintiffs

of their right to seek redress, all in violation of rights, privileges, and immunities secured by the First, Fourth, and Fourteenth Amendments to the United States Constitution.

58.     Defendants used excessive force against DECEDENT including but not limited to pepper-spraying him, using physical force, placing him in a mace filled car, hobbling and/or hog-tying him with three hobbles, and connecting the hobble to the handcuffs thereby pulling his legs toward his handcuffs, while he was in a face, chest, and/or stomach down position for an extended period of time.  Despite their training and knowledge about positional and/or restraint asphyxia, that the aforementioned manner of restraint can interfere with a person's ability to breathe, the Deputies and Sgt. herein mentioned hobbled DECEDENT, connected his hobble to his handcuffs thereby pulling his legs toward his handcuffs, and placed him with his face, chest, and/or stomach facing downward for an extended period of time with conscious disregard for the constitutional rights and safety of DECEDENT. They may also have put weight or pressure on him while he was in this position, despite knowing this can exacerbate inability to breathe. This contributed to DECEDENT's death and deprived Plaintiffs of their rights.

### FIFTH CAUSE OF ACTION
### WRONGFUL DEATH BY NEGLIGENCE IN FORCE AND RESTRAINT
### (C.C.P. §377.60 and 377.61)
### (Plaintiffs DANIELLA and DAMIEN SLATER v. All Defendants)

59.     Plaintiffs re-allege and incorporate by reference herein paragraphs 1 through 58 of this Complaint, except for any and all allegations of intentional, malicious, extreme, outrageous, wanton, and oppressive conduct by defendants, and any and all allegations requesting punitive damages.

60.   Defendants and DOES 1-10 inclusive, by and through their respective agents and employees, proximately caused the death of decedent JOSEPH SLATER, on October 9, 2011 as a result of their negligent conduct and/or negligent failure to act as set-forth herein.

61. Defendants used unreasonable force and restraint against DECEDENT including but not limited to pepper-spraying him, using physical force, placing him in a mace filled car, hobbling and/or hog-tying him with three hobbles, and connecting the hobble to the handcuffs thereby pulling his legs toward his handcuffs, while he was in a face, chest, and/or stomach down position for an extended period of time.  Defendants have a duty to follow reasonable law enforcement standards and training.  Despite their training and knowledge about positional and/or restraint asphyxia, that the aforementioned manner of restraint can interfere with a person's ability to breathe, the Deputies and Sgt. herein mentioned hobbled DECEDENT, connected his hobble to his handcuffs thereby pulling his legs toward his handcuffs, and placed him with his face, chest, and/or stomach facing downward for an extended period of time with conscious disregard for the constitutional rights and safety of DECEDENT. They may also have put weight or pressure on him while he was in this position, despite knowing this can exacerbate inability to breathe.

62.   Defendants breached this duty of care. By the conduct complained of above, the Deputies mentioned herein did violate law enforcement standards and training and were thereby negligent.

63.   As an actual and proximate result of said defendants' negligence, and the death of decedent, Plaintiffs have sustained pecuniary loss resulting from the loss of comfort, society, and services of the decedent, in an amount according to proof at trial.

64.   As a further actual and proximate result of said defendants' negligence, Plaintiffs incurred funeral and burial expenses, in an amount according to proof at trial.

Case No. 5:16-CV-01103-JFW-KK

**FIRST AMENDED COMPLAINT FOR DAMAGES; DEMAND FOR JURY TRIAL**

65.     COUNTY OF SAN BERNARDINO is vicariously liable for the wrongful acts of DEFENDANTS DEASEY, GENTRY, BRANDT, and RUDE pursuant to Section 815.2(a) of the California Government Code, which provides that a public entity is liable for the injuries caused by its employees within the scope of employment if the employee's act would subject him or her to liability.

66.     Pursuant to California C.C.P. Sections 377.60 and 377.61, Plaintiffs have brought this action, and claims damages from said defendants for the wrongful death of decedent, and the resulting injuries.

**SIXTH CAUSE OF ACTION**

**ASSAULT AND BATTERY – SURVIVAL CLAIM**

**(By Plaintiffs DANIELLA and DAMIEN SLATER v. All Defendants)**

67.     Plaintiffs re-allege and incorporate by reference herein paragraphs 1 through 66 of this Complaint, except for any and all allegations of intentional, malicious, extreme, outrageous, wanton, and oppressive conduct by defendants, and any and all allegations requesting punitive damages.

68.     At or about the dates and places alleged herein, DEFENDANTS, without provocation, warrant, necessity or legal justification, assaulted and battered SLATER with department issued pepper-spray, unreasonable and excessive force and violence, thereby causing SLATER's injuries and death as herein described.  Defendants used unreasonable force and restraint against DECEDENT including but not limited to pepper-spraying him, using physical force, placing him in a mace filled car, hobbling and/or hog-tying him with three hobbles, and connecting the hobble to the handcuffs thereby pulling his legs toward his handcuffs, while he was in a face, chest, and/or stomach down position for an extended period of time. Despite their training and knowledge about positional and/or restraint asphyxia, that the aforementioned manner of restraint can interfere with a person's ability to breathe, the Deputies and Sgt. herein

mentioned hobbled DECEDENT, connected his hobble to his handcuffs thereby pulling his legs toward his handcuffs, and placed him with his face, chest, and/or stomach facing downward for an extended period of time with conscious disregard for the constitutional rights and safety of DECEDENT. They may also have put weight or pressure on him while he was in this position, despite knowing this can exacerbate inability to breathe.

69.   PLAINTIFFS are informed and believe, and upon such information and belief allege, DEFENDANTS DEPUTY SHANDON DEASEY, DEPUTY PETER GENTRY, DEPUTY GARY BRANDT, SGT. MIKE RUDE, COUNTY OF SAN BERNARDINO, and DOES 1-10, inclusive, and each of them, are responsible for implementing, maintaining, sanctioning, ratifying, and/or condoning a policy, custom, or practice under with the individual DEFENDANTS committed the aforementioned illegal and wrongful acts.

70.   PLAINTIFFS are informed and believe, and upon such information and belief allege, DEFENDANTS DEPUTY SHANDON DEASEY, DEPUTY PETER GENTRY, DEPUTY GARY BRANDT, SGT. MIKE RUDE, COUNTY OF SAN BERNARDINO, and DOES 1-10, inclusive, and each of them are liable for the injuries, damages, and death of SLATER as they knew, or should have known, the customs, practices, policies and acts of the individual Defendant Deputies who caused SLATER's injuries and death, by failing to provide him with safety and the medical attention he required when he commenced suffering from medical distress.

71.   As a legal result of all DEFENDANTS DEPUTY SHANDON DEASEY, DEPUTY PETER GENTRY, DEPUTY GARY BRANDT, SGT. MIKE RUDE's acts and omissions as described, PLAINTIFFS' decedent, SLATER, suffered a traumatic and brutal assault by the DEPUTIES leading to death. PLAINTIFFS have incurred funeral and services expenses in an amount according to proof.

Case No. 5:16-CV-01103-JFW-KK
FIRST AMENDED COMPLAINT FOR DAMAGES; DEMAND FOR JURY TRIAL

72.    COUNTY OF SAN BERNARDINO is vicariously liable for the wrongful acts of DEFENDANTS DEASEY, GENTRY, BRANDT, and RUDE pursuant to Section 815.2(a) of the California Government Code, which provides that a public entity is liable for the injuries caused by its employees within the scope of employment if the employee's act would subject him or her to liability.

73.    Defendants, and each of them, committed the aforementioned acts and omissions knowingly, willfully, maliciously and with the expressed intent to harm SLATER and deliberate risk of death to SLATER. By reason thereof, PLAINTIFFS seek punitive and exemplary damages from DEFENDANTS, individual, in an amount according to proof.

## **PRAYER**

WHEREFORE, Plaintiffs pray judgment against Defendants and each of them as follows:

AS TO EACH CAUSE OF ACTION AS APPLICABLE.

1. For General Damages according to proof five million dollars ($5,000,000);

2. For Special damages according to proof;

3. For Exemplary damages as provided by law; in an amount to be proved against each individual Defendant;

4. For Attorney's Fees pursuant to 42 U.S.C. 1985 and 1988;

5. For Costs of suit;

6. For such other and further relief as the Court may deem proper.

//

//

//

Respectfully Submitted,

Dated: August 7, 2017

By

*/s/ Dale K. Galipo*
Dale K. Galipo
Attorney for the Plaintiffs
21800 Burbank Blvd., Suite 310
Woodland Hills, CA 91367

Dated: August 7, 2017

By

*/s/ Sharon J. Brunner*
Sharon J. Brunner
Attorney for the Plaintiffs
14393 Park Avenue, Suite 100
Victorville, CA 92392

Dated: August 7, 2017

By

*/s/ James S. Terrell*
James S. Terrell
Attorney for the Plaintiffs
15411 Anacapa Road
Victorville, CA 92392

## JURY TRIAL DEMANDED

Plaintiffs demand a jury trial.

Dated: August 7, 2017

By

*/s/ Dale K. Galipo*
Dale K. Galipo
Attorney for the Plaintiffs
21800 Burbank Blvd., Suite 310
Woodland Hills, CA 91367

Dated: August 7, 2017

By

*/s/ Sharon J. Brunner*
Sharon J. Brunner
Attorney for the Plaintiffs
14393 Park Avenue, Suite 100
Victorville, CA 92392

1

2   Dated: August 7, 2017                    By                    */s/ James S. Terrell*

3                                                                  James S. Terrell
                                                                   Attorney for the Plaintiffs
                                                                   15411 Anacapa Road
4                                                                  Victorville, CA 92392

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26