Eugene P. Ramirez (State Bar No. 134865)
  *epr@manningllp.com*
Tony M. Sain (State Bar No. 251626)
  *tms@manningllp.com*
Andrea K. Kornblau (State Bar No. 291613)
  *akk@manningllp.com*
**MANNING & KASS**
**ELLROD, RAMIREZ, TRESTER LLP**
801 S. Figueroa St, 15th Floor
Los Angeles, California 90017-3012
Telephone: (213) 624-6900
Facsimile: (213) 624-6999

Attorneys for Defendants,
COUNTY OF SAN BERNARDINO;
DEP. SHANDON DEASEY; DEP.
PETER GENTRY; DEP. GARY
BRANDT; AND SGT. MIKE RUDE

# UNITED STATES DISTRICT COURT

## CENTRAL DISTRICT OF CALIFORNIA, WESTERN DIVISION

| | |
|---|---|
| DANIELLA SLATER AND DAMIEN SLATER, individually and as successors in interest, by and through their Guardian ad Litem Sandra Salazar; TINA SLATER AND DAVID BOUCHARD, individually, <br><br> Plaintiff, <br><br> v. <br><br> DEPUTY SHANDON DEASEY; DEPUTY PETER GENTRY; DEPUTY GARY BRANDT; SGT. MIKE RUDE; COUNTY OF SAN BERNARDINO; and DOES 1-10, Inclusive <br><br> Defendant. | Case No. 5:16-CV-01103-JFW-KK <br> [*Hon. John F. Walter, District Judge;* <br> *Hon. Kenly K. Kato, Magistrate Judge*] <br><br> **ANSWER OF DEFENDANTS TO PLAINTIFFS' FIRST AMENDED COMPLAINT: DEMAND FOR JURY TRIAL** <br><br> Complaint Filed:    May 27, 2016 <br> Trial Date:           October 17, 2017 |

Defendants COUNTY OF SAN BERNARDINO ("County"), DEPUTY

SHANNON DEASEY, DEPUTY PETER GENTRY, DEPUTY GARY BRANDT, and

SERGEANT MIKE RUDE ("Deputies") (collectively "Defendants") hereby Answer plaintiffs' First Amended Complaint on file herein (filed August 7, 2017) – hereinafter referred to as the "Complaint") and defendants hereby admit, deny, and allege as follows:

1.      Answering paragraph 1 of the Complaint, under the header "Jurisdiction and Venue": Defendants admit that this Court has jurisdiction under 42 U.S.C. § 1983. As to the remaining allegations of this paragraph, at present, Defendants do not have sufficient knowledge, or information or belief, to enable Defendants to answer the remaining allegations contained within such paragraph, as stated, and on those grounds deny generally and specifically each and every remaining allegation contained therein.

2.      Answering paragraph 2 of the Complaint, under the header "Jurisdiction and Venue": Defendants admit that claims arising from events that occurred in the County of San Bernardino, California may be brought before the venue of this Court.

3.      Answering paragraph 3 of the Complaint, under the header "Jurisdiction and Venue": Defendants admit that claims for damages were presented to the County of San Bernardino pursuant to California Government Code § 911.2 by:

> Sandra [Salazar] Slater (sic);
>
> Sandra Salazar, on behalf of Daniella Slater, a minor;
>
> Tina Slater; and
>
> David Bouchard.

Defendants specifically deny that a claim pursuant to California Government Code § 911.2 was presented on behalf of Damien Slater, a minor.  As to the remaining allegations of this paragraph, at present, Defendants do not have sufficient knowledge, or information or belief, to enable Defendants to answer the remaining allegations contained within such paragraph, as stated, and on those grounds deny generally and specifically each and every remaining allegation contained therein.

4.      Answering paragraph 4 of the Complaint, under the header "Preliminary Allegations": Defendants admit that an incident occurred in the County of San

Bernardino at a Valero gas station, located at 27767 Baseline Road in Highland, California, and that it was recorded on video.

5.      Answering paragraph 5 of the Complaint, under the header "Preliminary Allegations": Defendants admit that the incident at issue in this action occurred on April 15, 2015, involving decedent Joseph Slater.  As to the remaining allegations of this paragraph, at present, Defendants do not have sufficient knowledge, or information or belief, to enable Defendants to answer the remaining allegations contained within such paragraph, as stated, and on those grounds deny generally and specifically each and every remaining allegation contained therein.

6.      Answering paragraph 6 of the Complaint, under the header "Preliminary Allegations": Defendants admit that the incident at issue in this action involved deputies of the San Bernardino Sheriff's Department.  As to the remaining allegations of this paragraph, Defendants deny generally and specifically each and every allegation, as stated, therein.

7.      Answering paragraph 7 of the Complaint, under the header "Preliminary Allegations": Defendants deny generally and specifically each and every allegation, as stated, therein.

8.      Answering paragraph 8 of the Complaint, under the header "Preliminary Allegations": Defendants deny generally and specifically each and every allegation, as stated, therein.

9.      Answering paragraph 9 of the Complaint, under the header "Preliminary Allegations": Defendants deny generally and specifically each and every allegation, as stated, therein.

10.     Answering paragraph 10 of the Complaint, under the header "Preliminary Allegations": Defendants deny that positional and/or restraint asphyxia was a cause of death.  Defendants also deny that Slater was placed inside the police vehicle with his face, chest, and/or stomach facing downward for an extended period of time. Defendants further specifically deny that decedent Joseph Slater was hog-tied.  As to

the remaining allegations of this paragraph, at present, Defendants do not have sufficient knowledge, or information or belief, to enable Defendants to answer the remaining allegations contained within such paragraph, as stated, and on those grounds deny generally and specifically each and every remaining allegation contained therein.

11.    Answering paragraph 11 of the Complaint, under the header "Preliminary Allegations": Defendants specifically deny that video recording evidences that decedent Joseph Slater was cooperative at all times and did not show or display any type of resistance while apprehended. Defendants also specifically deny that decedent Joseph Slater was hog-tied. As to the remaining allegations of this paragraph, at present, Defendants do not have sufficient knowledge, or information or belief, to enable Defendants to answer the remaining allegations contained within such paragraph, as stated, and on those grounds deny generally and specifically each and every remaining allegation contained therein.

12.    Answering paragraph 12 of the Complaint, under the header "Preliminary Allegations": Defendants deny that Slater was placed in a position with his face, chest, and/or stomach facing downward for an extended period of time. Defendants do not have sufficient knowledge, or information or belief, to enable defendants to answer the allegations contained within this paragraph, as stated, and on those grounds deny generally and specifically each and every allegation contained therein.

13.    Answering paragraph 13 of the Complaint, under the header "Preliminary Allegations": Defendants do not have sufficient knowledge, or information or belief, to enable defendants to answer the allegations contained within this paragraph, as stated, and on those grounds deny generally and specifically each and every allegation contained therein.

14.    Answering paragraph 14 of the Complaint, under the header "Preliminary Allegations": Defendants specifically deny that there was trauma to decedent Joseph Slater's face. As to the remaining allegations of this paragraph, at present, Defendants do not have sufficient knowledge, or information or belief, to enable Defendants to

MANNING&KASS
ELLROD, RAMIREZ, TRESTER LLP
Attorneys at Law

answer the remaining allegations contained within such paragraph, as stated, and on those grounds deny generally and specifically each and every remaining allegation contained therein.

15.    Answering paragraph 15 of the Complaint, under the header "Preliminary Allegations": Defendants deny generally and specifically each and every allegation contained therein.  On November 5, 2016, the Court dismissed with prejudice unnamed defendants. [Doc. 23] Thus, Doe Defendants have been dismissed with prejudice.

16.    Answering paragraph 16 of the Complaint, under the header "Preliminary Allegations": Defendants deny generally and specifically each and every allegation contained therein.  On November 5, 2016, the Court dismissed with prejudice unnamed defendants. [Doc. 23] Thus, Doe Defendants have been dismissed with prejudice.

17.    Answering paragraph 17 of the Complaint, under the header "Preliminary Allegations": Defendants do not have sufficient knowledge, or information or belief, to enable Defendants to answer whether each Defendant knew decedent Joseph Slater was mentally ill, and on those grounds specifically and generally denies the same.  As to the remaining allegations of this paragraph, at present, Defendants do not have sufficient knowledge, or information or belief, to enable Defendants to answer the remaining allegations contained within such paragraph, as stated, and on those grounds deny generally and specifically each and every remaining allegation contained therein.  To the extent this paragraph alleges Municipal (*Monell*) Liability, Plaintiffs are reminded that this Court dismissed with prejudice Municipal (*Monell*) Liability from this action against any and all defendants. [Doc. 23]

18.    Answering paragraph 18 of the Complaint, under the header "Preliminary Allegations": Defendants deny generally and specifically each and every allegation contained therein.  To the extent this paragraph alleges Municipal (*Monell*) Liability, Plaintiffs are reminded that this Court dismissed with prejudice Municipal (*Monell*) Liability from this action against any and all defendants. [Doc. 23]

19.    Answering paragraph 19 of the Complaint, under the header "Preliminary

**ANSWER OF DEFENDANTS TO PLAINTIFFS' COMPLAINT: DEMAND FOR JURY TRIAL**

Allegations": Defendants deny generally and specifically each and every allegation contained therein. To the extent this paragraph alleges Municipal (*Monell*) Liability, Plaintiffs are reminded that this Court dismissed with prejudice Municipal (*Monell*) Liability from this action against any and all defendants. [Doc. 23]

20. Answering paragraph 20 of the Complaint, under the header "Preliminary Allegations": Defendants do not have sufficient knowledge, or information or belief, to enable defendants to answer the allegations contained within this paragraph, as stated, and on those grounds deny generally and specifically each and every allegation contained therein. To the extent this paragraph alleges Municipal (*Monell*) Liability, Plaintiffs are reminded that this Court dismissed with prejudice Municipal (*Monell*) Liability from this action against any and all defendants. [Doc. 23]

21. Answering paragraph 21 of the Complaint, under the header "Preliminary Allegations": Defendants do not have sufficient knowledge, or information or belief, to enable defendants to answer the allegations contained within this paragraph, as stated, and on those grounds deny generally and specifically each and every allegation contained therein. To the extent this paragraph alleges Municipal (*Monell*) Liability, Plaintiffs are reminded that this Court dismissed with prejudice Municipal (*Monell*) Liability from this action against any and all defendants. [Doc. 23]

22. Answering paragraph 22 of the Complaint, under the header "Preliminary Allegations": Defendants deny generally and specifically each and every allegation contained therein. To the extent this paragraph alleges Municipal (*Monell*) Liability, Plaintiffs are reminded that this Court dismissed with prejudice Municipal (*Monell*) Liability from this action against any and all defendants. [Doc. 23]

23. Answering paragraph 23 of the Complaint, under the header "Parties": Defendants do not have sufficient knowledge, or information or belief, to enable defendants to answer the allegations contained within this paragraph, as stated, and on those grounds deny generally and specifically each and every allegation contained therein – and Defendants deny all liability and/or wrongdoing.

24.     Answering paragraph 24 of the Complaint, under the header "Parties": Defendants do not have sufficient knowledge, or information or belief, to enable defendants to answer the allegations contained within this paragraph, as stated, and on those grounds deny generally and specifically each and every allegation contained therein.

25.     Answering paragraph 25 of the Complaint, under the header "Parties": Defendants deny generally and specifically each and every allegation contained therein. On November 5, 2016, the Court dismissed with prejudice from plaintiffs' operative claims Tina Slater and David Bouchard as plaintiffs or parties to the cause of action for wrongful death. [Doc. 23]

26.     Answering paragraph 26 of the Complaint, under the header "Parties": Defendants deny generally and specifically each and every allegation contained therein. On November 5, 2016, the Court dismissed with prejudice from plaintiffs' operative claims Tina Slater and David Bouchard as plaintiffs or parties to the cause of action for wrongful death. [Doc. 23]

27.     Answering paragraph 27 of the Complaint, under the header "Parties": Defendants do not have sufficient knowledge, or information or belief, to enable defendants to answer the allegations contained within this paragraph, as stated, and on those grounds deny generally and specifically each and every allegation contained therein.

28.     Answering paragraph 28 of the Complaint, under the header "Parties": Defendants admit that the County of San Bernardino is a political subdivision located in the State of California within the territorial jurisdiction of this Court.

29.     Answering paragraph 29 of the Complaint, under the header "Parties": Defendants admit that Defendant Deputy Shannon Deasey was employed by the County of San Bernardino.  As to the remaining allegations in this paragraph, at present, Defendants do not have sufficient knowledge, or information or belief, to enable defendants to answer the remaining allegations contained within such paragraph,

**ANSWER OF DEFENDANTS TO PLAINTIFFS' COMPLAINT: DEMAND FOR JURY TRIAL**

1  as stated, and on those grounds deny generally and specifically each and every

2  remaining allegation contained therein.

3      30.   Answering paragraph 30 of the Complaint, under the header "Parties":

4  Defendants admit that Defendant Deputy Peter Gentry was employed by the County of

5  San Bernardino.   As to the remaining allegations in this paragraph, at present,

6  Defendants do not have sufficient knowledge, or information or belief, to enable

7  defendants to answer the remaining allegations contained within such paragraph, as

8  stated, and on those grounds deny generally and specifically each and every remaining

9  allegation contained therein.

10     31.   Answering paragraph 31 of the Complaint, under the header "Parties":

11  Defendants admit that Defendant Deputy Gary Brandt was employed by the County of

12  San Bernardino.   As to the remaining allegations in this paragraph, at present,

13  Defendants do not have sufficient knowledge, or information or belief, to enable

14  Defendants to answer the remaining allegations contained within such paragraph, as

15  stated, and on those grounds deny generally and specifically each and every remaining

16  allegation contained therein.

17     32.   Answering paragraph 32 of the Complaint, under the header "Parties":

18  Defendants admit that Defendant Sergeant Mike Rude was employed by the County of

19  San Bernardino.   As to the remaining allegations in this paragraph, at present,

20  Defendants do not have sufficient knowledge, or information or belief, to enable

21  defendants to answer the remaining allegations contained within such paragraph, as

22  stated, and on those grounds deny generally and specifically each and every remaining

23  allegation contained therein.

24     33.   Answering paragraph 33 of the Complaint, under the header "Parties": On

25  November 5, 2016, the Court dismissed with prejudice unnamed defendants. [Doc. 23]

26  Thus, Doe Defendants have been dismissed with prejudice.

27     34.   Answering paragraph 34 of the Complaint, under the header "Parties": On

28  November 5, 2016, the Court dismissed with prejudice unnamed defendants. [Doc. 23]

**ANSWER OF DEFENDANTS TO PLAINTIFFS' COMPLAINT: DEMAND FOR JURY TRIAL**

1    Thus, Doe Defendants have been dismissed with prejudice.

2        35.    Answering paragraph 35 of the Complaint, under the header "Parties":

3    Defendants do not have sufficient knowledge, or information or belief, to enable

4    Defendants to answer the allegations contained within this paragraph, as stated, and on

5    those grounds deny generally and specifically each and every allegation contained

6    therein.

7        36.    Answering paragraph 36 of the Complaint, under the header "Parties":

8    Defendants deny generally and specifically each and every allegation contained therein.

9        37.    Answering paragraph 37 of the Complaint, under the header "First Cause

10   of Action": This paragraph re-alleges and incorporates plaintiff's allegations in the

11   preceding paragraphs.   Accordingly, in response to this paragraph, Defendants

12   incorporate by reference here Defendants' answers to each of the corresponding and

13   aforementioned allegations/paragraphs of plaintiffs' Complaint.  To the extent that this

14   paragraph alleges specific facts not otherwise incorporated herein above, at present,

15   Defendants do not have sufficient knowledge, or information or belief, to enable

16   Defendants to answer the remaining allegations contained within such paragraph, and

17   on those grounds, deny generally and specifically each and every remaining allegation

18   contained therein – and Defendants deny all liability and/or wrongdoing.

19       38.    Answering paragraph 38 of the Complaint, under the header "First Cause

20   of Action": Defendants admit that the Fourth Amendment of the United States

21   Constitution guarantees all persons the right to be free from unreasonable detention.

22   Defendants admit that 42 U.S.C. § 1983 provides a private right of action for conduct

23   which violates the aforementioned right.

24       39.    Answering paragraph 39 of the Complaint, under the header "First Cause

25   of Action": Defendants admit that on August 15, 2015, Deputies made contact with

26   decedent Joseph Slater.  Defendants specifically deny that decedent Joseph Slater was

27   not committing a crime.  Defendants had objectively reasonable and articulable factual

28   basis to suspect decedent Joseph Slater had committed a crime.  As to the remaining

**ANSWER OF DEFENDANTS TO PLAINTIFFS' COMPLAINT: DEMAND FOR JURY TRIAL**

allegations in this paragraph, Defendants deny generally and specifically each and every allegation contained therein.

40.   Answering paragraph 40 of the Complaint, under the header "First Cause of Action": Defendants deny generally and specifically each and every allegation contained therein.

41.   Answering paragraph 41 of the Complaint, under the header "First Cause of Action": Defendants deny generally and specifically each and every allegation contained therein.

42.   Answering paragraph 42 of the Complaint, under the header "First Cause of Action": Defendants deny generally and specifically each and every allegation contained therein.

43.   Answering paragraph 43 of the Complaint, under the header "First Cause of Action": Defendants deny generally and specifically each and every allegation contained therein.

44.   Answering paragraph 44 of the Complaint, under the header "First Cause of Action": Defendants deny generally and specifically each and every allegation contained therein.

45.   Answering paragraph 45 of the Complaint, under the header "Second Cause of Action": This paragraph re-alleges and incorporates plaintiff's allegations in the preceding paragraphs.  Accordingly, in response to this paragraph, Defendants incorporate by reference here Defendants' answers to each of the corresponding and aforementioned allegations/paragraphs of plaintiffs' Complaint.  To the extent that this paragraph alleges specific facts not otherwise incorporated herein above, at present, Defendants do not have sufficient knowledge, or information or belief, to enable Defendants to answer the remaining allegations contained within such paragraph, and on those grounds, deny generally and specifically each and every remaining allegation contained therein – and Defendants deny all liability and/or wrongdoing.

46.   Answering paragraph 46 of the Complaint, under the header "Second

**ANSWER OF DEFENDANTS TO PLAINTIFFS' COMPLAINT: DEMAND FOR JURY TRIAL**

Cause of Action": Defendants deny generally and specifically each and every allegation contained therein.

47.    Answering paragraph 47 of the Complaint, under the header "Second Cause of Action": Defendants deny generally and specifically each and every allegation contained therein.

48.    Answering paragraph 48 of the Complaint, under the header "Second Cause of Action": Defendants deny generally and specifically each and every allegation contained therein.

49.    Answering paragraph 49 of the Complaint, under the header "Second Cause of Action": Defendants deny generally and specifically each and every allegation contained therein.

50.    Answering paragraph 50 of the Complaint, under the header "Second Cause of Action": Defendants deny all of the allegations in this paragraph, and Defendants deny that defendant Deputies may be held liable for punitive damages under state or federal law under any circumstances.

51.    Answering paragraph 51 of the Complaint, under the header "Second Cause of Action": Defendants deny all of the allegations in this paragraph, and Defendants deny that defendant Deputies may be held liable for punitive damages under state or federal law under any circumstances.

52.    Answering paragraph 52 of the Complaint, under the header "Third Cause of Action": This paragraph re-alleges and incorporates plaintiff's allegations in the preceding paragraphs.   Accordingly, in response to this paragraph, Defendants incorporate by reference here Defendants' answers to each of the corresponding and aforementioned allegations/paragraphs of plaintiffs' Complaint.  To the extent that this paragraph alleges specific facts not otherwise incorporated herein above, at present, Defendants do not have sufficient knowledge, or information or belief, to enable Defendants to answer the remaining allegations contained within such paragraph, and on those grounds, deny generally and specifically each and every remaining allegation

**ANSWER OF DEFENDANTS TO PLAINTIFFS' COMPLAINT: DEMAND FOR JURY TRIAL**

1   contained therein – and Defendants deny all liability and/or wrongdoing.

2       53.    Answering paragraph 53 of the Complaint, under the header "Third Cause

3   of Action": Defendants deny generally and specifically each and every allegation

4   contained therein.

5       54.    Answering paragraph 54 of the Complaint, under the header "Third Cause

6   of Action": Defendants deny generally and specifically each and every allegation

7   contained therein.

8       55.    Answering paragraph 55 of the Complaint, under the header "Third Cause

9   of Action": Defendants deny generally and specifically each and every allegation

10   contained therein.

11       56.    Answering paragraph 56 of the Complaint, under the header "Fourth Cause

12   of Action": This paragraph re-alleges and incorporates plaintiff's allegations in the

13   preceding paragraphs.   Accordingly, in response to this paragraph, Defendants

14   incorporate by reference here Defendants' answers to each of the corresponding and

15   aforementioned allegations/paragraphs of plaintiffs' Complaint.  To the extent that this

16   paragraph alleges specific facts not otherwise incorporated herein above, at present,

17   Defendants do not have sufficient knowledge, or information or belief, to enable

18   Defendants to answer the remaining allegations contained within such paragraph, and

19   on those grounds, deny generally and specifically each and every remaining allegation

20   contained therein – and Defendants deny all liability and/or wrongdoing.

21       57.    Answering paragraph 57 of the Complaint, under the header "Fourth Cause

22   of Action": Defendants deny generally and specifically each and every allegation

23   contained therein.

24       58.    Answering paragraph 58 of the Complaint, under the header "Fourth Cause

25   of Action": Defendants deny generally and specifically each and every allegation

26   contained therein.

27       59.    Answering paragraph 59 of the Complaint, under the header "Fifth Cause

28   of Action": This paragraph re-alleges and incorporates plaintiff's allegations in the

MANNING&KASS
ELLROD, RAMIREZ, TRESTER LLP
ATTORNEYS AT LAW

preceding paragraphs.   Accordingly, in response to this paragraph, Defendants incorporate by reference here Defendants' answers to each of the corresponding and aforementioned allegations/paragraphs of plaintiffs' Complaint.  To the extent that this paragraph alleges specific facts not otherwise incorporated herein above, at present, Defendants do not have sufficient knowledge, or information or belief, to enable Defendants to answer the remaining allegations contained within such paragraph, and on those grounds, deny generally and specifically each and every remaining allegation contained therein – and Defendants deny all liability and/or wrongdoing.

60.    Answering paragraph 60 of the Complaint, under the header "Fifth Cause of Action": Defendants deny generally and specifically each and every allegation contained therein.  On November 5, 2016, the Court dismissed with prejudice unnamed defendants. [Doc. 23] Thus, Doe Defendants have been dismissed with prejudice.

61.    Answering paragraph 61 of the Complaint, under the header "Fifth Cause of Action": Defendants deny generally and specifically each and every allegation contained therein.

62.    Answering paragraph 62 of the Complaint, under the header "Fifth Cause of Action": Defendants deny generally and specifically each and every allegation contained therein.

63.    Answering paragraph 63 of the Complaint, under the header "Fifth Cause of Action": Defendants deny generally and specifically each and every allegation contained therein.

64.    Answering paragraph 64 of the Complaint, under the header "Fifth Cause of Action": Defendants deny generally and specifically each and every allegation contained therein.

65.    Answering paragraph 65 of the Complaint, under the header "Fifth Cause of Action": Defendants deny generally and specifically each and every allegation contained therein.

66.    Answering paragraph 66 of the Complaint, under the header "Fifth Cause

**ANSWER OF DEFENDANTS TO PLAINTIFFS' COMPLAINT: DEMAND FOR JURY TRIAL**

MANNING&KASS
ELLROD, RAMIREZ, TRESTER LLP
Attorneys at Law

of Action": Defendants deny generally and specifically each and every allegation contained therein.

67.     Answering paragraph 67 of the Complaint, under the header "Fifth Cause of Action": This paragraph re-alleges and incorporates plaintiff's allegations in the preceding paragraphs.  Accordingly, in response to this paragraph, Defendants incorporate by reference here Defendants' answers to each of the corresponding and aforementioned allegations/paragraphs of plaintiffs' Complaint.  To the extent that this paragraph alleges specific facts not otherwise incorporated herein above, at present, Defendants do not have sufficient knowledge, or information or belief, to enable Defendants to answer the remaining allegations contained within such paragraph, and on those grounds, deny generally and specifically each and every remaining allegation contained therein – and Defendants deny all liability and/or wrongdoing.

68.     Answering paragraph 68 of the Complaint, under the header "Sixth Cause of Action": Defendants deny generally and specifically each and every allegation contained therein.

69.     Answering paragraph 69 of the Complaint, under the header "Sixth Cause of Action": Defendants deny generally and specifically each and every allegation contained therein.  On November 5, 2016, the Court dismissed with prejudice unnamed defendants. [Doc. 23] Thus, Doe Defendants have been dismissed with prejudice.  To the extent any other previously dismissed claims and/or parties are implicitly or explicitly raised, Defendants deny generally and specifically each and every allegation contained therein.

70.     Answering paragraph 70 of the Complaint, under the header "Sixth Cause of Action": Defendants deny generally and specifically each and every allegation contained therein.  On November 5, 2016, the Court dismissed with prejudice unnamed defendants. [Doc. 23] Thus, Doe Defendants have been dismissed with prejudice.  To the extent any other previously dismissed claims and/or parties are implicitly or explicitly raised, Defendants deny generally and specifically each and every allegation

**ANSWER OF DEFENDANTS TO PLAINTIFFS' COMPLAINT: DEMAND FOR JURY TRIAL**

1  contained therein.

2      71.     Answering paragraph 71 of the Complaint, under the header "Sixth Cause

3  of Action": Defendants deny generally and specifically each and every allegation

4  contained therein.

5      72.     Answering paragraph 72 of the Complaint, under the header "Sixth Cause

6  of Action": Defendants deny generally and specifically each and every allegation

7  contained therein.

8      73.     Answering paragraph 73 of the Complaint, under the header "Sixth Cause

9  of Action": Defendants deny generally and specifically each and every allegation

10  contained therein.

11      74.     Answering plaintiffs' Prayer for Damages, Defendants deny all liability to

12  plaintiffs, including, but not limited to, all liability for any damages (general, special,

13  exemplary or otherwise), penalties, fees, or costs of any kind, or for any relief of any

14  kind from any of the Defendants to any of the plaintiffs.

15      75.     To the extent plaintiff(s) assert(s) any other claims or contentions not

16  specifically addressed herein above, Defendants generally and specifically deny each

17  and every remaining allegation and/or claim.

18      76.     To the extent plaintiff(s) assert(s) claims or contentions previously

19  dismissed with prejudice by this Court, Defendants generally and specifically deny each

20  and every allegation and/or claim.

21  / / /

22  / / /

23  / / /

24  / / /

25  / / /

26  / / /

27  / / /

28  / / /

MANNING&KASS
ELLROD, RAMIREZ, TRESTER LLP
Attorneys at Law

# AFFIRMATIVE DEFENSES

77.     As separate and affirmative defenses, defendants allege as follows[1]:

## FIRST AFFIRMATIVE DEFENSE

### (Statute of Limitations)

78.     Plaintiffs' Complaint fails to state a claim upon which relief can be granted.

79.     Plaintiffs' Complaint also fails to state a claim against any defendant in this action.

80.     Plaintiffs' and/or decedent's claims are time-barred by the operative statute(s) of limitations (including, but not limited to, California Code of Civil Procedure § 335.1).

## SECOND AFFIRMATIVE DEFENSE

### (Tort Claims Act Violation)

81.     This action is barred by the Plaintiffs' failure to comply with the government tort claims presentation requirements, California Government Code § 900, *et seq.*, including but not limited to §§ 900, 900.4, 901, 905, 905.2, 910, 911, 911.2, 911.4, 945.4, 945.6, 946.6, 950.2, and 950.6, to the extent applicable.

82.     The Complaint is barred based on plaintiffs' failure to exhaust administrative remedies prior to filing this lawsuit.

83.     Plaintiffs' recovery is barred for failure to timely comply with the provisions of the claims statutes, including, but not limited to California Government Code §§ 901, 905, 905.2, 911.2, 945.4, 945.6, 950.2.

84.     Plaintiffs' recovery is barred because the causes of action stated in the complaint do not correspond with the legal claims asserted in plaintiffs' written claim. The Complaint thereby alleges legal bases for recovery which are not fairly reflected in

---

[1] For purposes of the affirmative defenses, affirmative defenses that reference "plaintiffs" shall also be construed to apply, wherever feasible, to plaintiffs' decedent.

the written claim.

## THIRD AFFIRMATIVE DEFENSE

### (Waiver, Estoppel, Unclean Hands)

85.   Defendants allege that plaintiffs' action is barred by reason of conduct, actions and inactions of plaintiffs which amount to and constitute a waiver of any right plaintiffs may or might have had in reference to the matters and things alleged in the Complaint, or that otherwise estop plaintiffs from recovery in this action, including but not limited to the doctrine of unclean hands.

## FOURTH AFFIRMATIVE DEFENSE

### (Failure to Mitigate Damages)

86.   Plaintiffs' claims are barred or limited to the extent plaintiffs failed to mitigate plaintiffs' injuries or damages, if there were any.  Plaintiffs have failed to mitigate the damages, if any, which plaintiffs have sustained, and to exercise reasonable care to avoid the consequences of harms, if any, in that, among other things, plaintiffs have failed to use reasonable diligence in caring for any injuries, failed to use reasonable means to prevent aggravation of any injuries and failed to take reasonable precautions to reduce any injuries and damages.

## FIFTH AFFIRMATIVE DEFENSE

### (Contributory and/or Comparative Liability)

87.   Plaintiffs' claims are barred or limited by plaintiffs' and/or decedent's contributory/comparative negligence or other conduct, acts, or omissions, and to the extent any plaintiffs suffered any injury or damages, it was the result of plaintiffs' and/or decedent's own negligent or deliberate actions or omissions.

88.   Plaintiffs' recovery is barred because any injury or damage suffered by plaintiffs' decedent and/or to plaintiffs was caused solely by reason of the plaintiffs' decedent's wrongful acts and conduct and the willful resistance to a peace officer in the discharge their duties.  The conduct set forth in the Complaint, if and to the extent it occurred, was privileged and justified and done with a good faith belief that it was

1  correct and no action may be taken against the answering defendants on account of such

2  conduct.

### SIXTH AFFIRMATIVE DEFENSE

#### (Public Entity/Employee Immunity for Others' Torts)

5  89.    Plaintiffs' recovery is barred because public entities and employees are

6  immune from liability for any injury caused by the act or omission of another person.

7  Gov. Code §§ 815 *et seq.*, 820.2 *et seq.*

8  90.    The answering defendants are informed and believe and thereon allege that

9  if plaintiffs sustained any injury or damages, such injury or damages were solely caused

10  or contributed to by the wrongful conduct of other defendants and/or entities or persons

11  other than the answering defendant.  To the extent that plaintiffs' damages were so

12  caused, any recovery by plaintiffs as against the answering defendant should be subject

13  to proportionately comparative equitable indemnity/contribution from such third

14  parties.

### SEVENTH AFFIRMATIVE DEFENSE

#### (Public Entity/Employee Immunity for Discretionary Acts)

17  91.    There is no liability for any injury or damages, if any there were, resulting

18  from an exercise of discretion vested in a public employee, whether or not such

19  discretion be abused.  Gov. Code § 815.2, 820.2, 820.4, 820.8, 820 *et seq.*

20  92.    Plaintiffs' recovery is barred because public entities and employees are

21  immune from liability for discharging their mandatory duties with reasonable diligence.

22  93.    A public employee may not be held liable for injuries or damages, if any,

23  caused by failure to adopt or by adoption of an enactment or by failure to enforce an

24  enactment and/or law, for an injury caused by his issuance, denial, suspension or

25  revocation or by his failure or refusal to issue, deny, suspend or revoke, any permit,

26  license, certificate, approval, order, or similar authorization, where he is authorized by

27  enactment to determine whether or not such authorization should be issued, denied,

28  suspended or revoked, pursuant to Government Code §§ 818.2, 818.4, 818.8, 821 and

MANNING&KASS
ELLROD, RAMIREZ, TRESTER LLP
Attorneys at Law

821.2.  Based thereon, each of the answering defendants are immune from liability for any injuries claimed by plaintiffs, herein.

94.     This/these defendant(s) are immune for any detriment resulting from any of its actions or omissions at the time of the incident of which plaintiff complains pursuant to Government Code § 810 *et seq*., 815 *et seq*., 820 *et seq*., and 845 *et seq*., including, but not limited to, §§ 810, 810.2, 810.4, 810.6, 810.8, 811, 811.2, 811.4, 811.6, 811.8, 820.6, 820.8, 821, 821.2, 821.4, 821.6, 821.8, 822.2, 830.5, 830.6, 835.4, 844.6, and Government Code §§ 854, *et seq*., including, but not limited to, §§ 845.6, 854.6, 854.8(a)(2), and §§ 855.4, 855.6, 855.8 and 856.4.

## EIGHTH AFFIRMATIVE DEFENSE
### (Public Entity Immunity)

95.     To the extent that the Complaint attempts to predicate liability upon any public entity defendants or any employees thereof for purported negligence in retention, hiring, employment, training, or supervision of any public employee, such liability is barred by Government Code sections 815.2 and 820.2 and *Herndon v. County of Marin* (1972) 25 Cal. App. 3d 933, 935, 936, *rev'd on other grounds by Sullivan v. County of Los Angeles* (1974) 12 Cal.3d 710; and by the lack of any duty running to any plaintiffs; by the fact that any such purported act or omission is governed exclusively by statute and is outside the purview of any public employees' authority; and by the failure of any such acts or omissions to be the proximate or legal cause of any injury alleged in the Complaint.  *See de Villers v. County of San Diego*, 156 Cal.App.4th 238, 251-253, 255-256 (2007).

96.     These defendants may not be held liable on a *respondeat superior* theory for any negligent or wrongful act or omission on the part of any subordinate.  Cal. Government Code §§ 844.6, 845.6; Cal. Civil Code § 2351; *Malloy v. Fong* (1951) 37 Cal.2d 356, 378-379; *Monell v. Department of Social Services of the City of New York* (1978) 436 U.S. 658; *Larez v. City of Los Angeles* (9th Cir. 1991) 946 F.2d 630, 645-646; *cf. City of Canton v. Harris*, 489 U.S. 378, 388-389 (1989); *City of Los Angeles v.*

**ANSWER OF DEFENDANTS TO PLAINTIFFS' COMPLAINT: DEMAND FOR JURY TRIAL**

1 | *Heller*, 475 U.S. 796 (1986).

## NINTH AFFIRMATIVE DEFENSE

### (Qualified Immunity & Good Faith Immunity)

97.     Defendants and their agents or officers at all times relevant to this action acted reasonably and prudently under the circumstances.  Defendants therefore assert the individual defendants' Qualified Immunity from liability to the fullest extent applicable.

98.     Defendant(s) is/are immune from liability under the Federal Civil Rights Act because they acted in good faith with an honest and reasonable belief that their actions were necessary and appropriate.  Defendant(s) is/are immune from liability under the Federal Civil Rights Act because a reasonable police officer could believe that their acts and conduct were appropriate.  Defendant(s) is/are immune from liability under the Federal Civil Rights Act because their conduct did not violate clearly established rights.  Defendant(s) is/are also immune from liability under the doctrine of Qualified Immunity.

99.     At all relevant times, defendants acted within the scope of discretion, with due care, and good faith fulfillment of responsibilities pursuant to applicable statutes, rules and regulation, within the bounds of reason, and with the good faith belief that their actions comported with all applicable federal and state laws.  *Harlow v. Fitzgerald* (1982) 457 U.S. 800; Cal Gov. Code §§ 815.2 and 820.2.

## TENTH AFFIRMATIVE DEFENSE

### (Assumption of Risk)

100.    At the time and place referred to in the Complaint for Damages, and before such event, plaintiffs' decedent knew, appreciated, and understood each and every risk involved in placing himself in the position which plaintiff then assumed, and willingly, knowingly and voluntarily assumed each of such risks, including, but not limited to, the risk of suffering personal bodily injury, lawful deprivation of right(s), or death.

1

## **PRAYER FOR RELIEF**

2    WHEREFORE, the answering Defendant(s) pray as follows:

3   1.   That Plaintiff(s) take nothing by this action;

4   2.   That Defendant(s) be awarded attorneys' fees and costs of this suit and costs of

5        proof; and

6   3.   That Defendant(s) be awarded such other relief as the Court deems just.

7

8   DATED:  August 21, 2017          **MANNING & KASS**

9                                    **ELLROD, RAMIREZ, TRESTER LLP**

10

11                          By:    _____/s/ Tony M. Sain_____

12                                   Eugene P. Ramirez, Esq.

13                                   Tony M. Sain, Esq.

                                     Andrea K. Kornblau, Esq.

14                                 Attorneys for Defendants,

                                   COUNTY OF SAN BERNARDINO; DEP.

15                                 SHANDON DEASEY; DEP. PETER

                                   GENTRY; DEP. GARY BRANDT; AND

16                                 SGT. MIKE RUDE

17

18

19

20

21

22

23

24

25

26

27

28

1

## **DEMAND FOR JURY TRIAL**

2   Defendants hereby demand a trial before a jury on all issues presented by

3  plaintiff's operative Complaint that are or may be triable to a jury.

4

5  DATED:  August 21, 2017   **MANNING & KASS**

6              **ELLROD, RAMIREZ, TRESTER LLP**

7

8         By:   /s/ Tony M. Sain

9            Eugene P. Ramirez, Esq.

10          Tony M. Sain, Esq.

            Andrea K. Kornblau, Esq.

11         Attorneys for Defendants,

12         COUNTY OF SAN BERNARDINO; DEP.

         SHANDON DEASEY; DEP. PETER

13         GENTRY; DEP. GARY BRANDT; AND

14         SGT. MIKE RUDE

15

16

17

18

19

20

21

22

23

24

25

26

27

28

G:\docsdata\EPR\Salazar, Sandra v. COSB 900-54336\Pleadings\Answer.02.Salazar.docx  22   Case No. 5:16-CV-01103-JFW-KK

**ANSWER OF DEFENDANTS TO PLAINTIFFS' COMPLAINT: DEMAND FOR JURY TRIAL**